UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WARREN H. ALLEN, JR.,                    )
                                          )
                Plaintiff,                )
                                          )
        v.                                )   Civil Action No.  *13- 1893*
                                          )
SENATOR JOHN BOEHNER,                     )
                                          )
                Defendant.                )

MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff, who purports to bring his action on behalf of his "fellow veterans and veterans serving now in uniform," asserts that the recent government shut down "is not legal." Compl. at 1, Generally, plaintiff contends that "Senator John Boehner and his Tea Party members . . . kidnapped the White House, [held] the government as hostages, and [held] Obamacare as ransom." *Id.*

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, __ U.S. __, 129 S. Ct. 1918 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable'

to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998.

Here, the complaint does not demonstrate that plaintiff has suffered or stands to suffer any injury attributable to defendant's action or inaction. And as a *pro se* party, plaintiff may not represent the interests of any other individuals. *Id.*; *see also Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (stating that individual who "is not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in the District Court or in this court as counsel for others").

The complaint will be dismissed for lack of subject matter jurisdiction. An Order is issued separately.

_____
United States District Judge

DATE: Nov. 21, 2013